■ In the Matter of SUSAN B., Alleged to be a Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ELLIS B., Respondent. — Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 21, 1983, which dismissed petitioner's application in a child neglect proceeding. ¶ Petitioner contends that proof of a single incident, wherein respondent father, without threats or physical contact, offered his 12-year-old daughter $1 to remove her clothing, which she refused to do, is sufficient to establish that the daughter is a neglected child. Family Court held that in the absence of any proof concerning the impact of this incident on the child's physical, mental or emotional condition, the petition must be dismissed. We agree and affirm the order of dismissal. ¶ A "neglected child" is defined as "a child less than eighteen years of age (i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * * or (ii) who has been abandoned" (Family Ct Act, § 1012, subd [f]). Thus, only where abandonment serves as the basis for establishing neglect has the Legislature deleted the requirement of proof of impairment or imminent danger of impairment of the child's physical, mental or emotional condition. The absence of such proof, where abandonment has not been alleged, serves as a basis for dismissing the neglect petition (*Matter of Shelley Renea K.*, 79 AD2d 1073, 1074). "Under certain circumstances, due to the nature of the inability or unwillingness of the parent to provide minimum care, the finding of a lack of minimum care necessarily includes the finding of impairment or imminent danger of impairment" (*Matter of Shelley Renea K., supra,* p 1073). We agree with Family Court that the circumstances of this case do not fall within this rule. The incident upon which the neglect petition is based was not part of a pattern of aberrant behavior by respondent. On the contrary, the child testified that her father had never before made similar advances to her and that he had never touched her private parts. Nor was there any evidence of threats or physical restraint. The child testified that her father did not threaten her or warn her to keep the incident a secret, and after refusing to comply with his request, she walked away without further incident. That respondent's misconduct was sexual in nature does not obviate the need for a showing of impair-

ment or imminent danger of impairment. As noted above, in neglect proceedings other than those based upon abandonment, the Legislature has specifically included impairment or imminent danger of impairment as an element. By contrast, in defining "abused child", the Legislature elected to create a separate category involving sex offenses and deleted any requirement of impairment (Family Ct Act, § 1012, subd [e], par [iii]). If, as petitioner implies, impairment of mental or emotional condition necessarily follows as a result of respondent's conduct, expert opinion testimony to this effect, as authorized by section 1046 (subd [a], par [viii]) of the Family Court Act, should have been offered. It is also noteworthy on the issue of impairment that Family Court had the opportunity to observe the child's demeanor as she testified about this unpleasant incident. ¶ Finally, neither this court's decision nor that of Family Court should be read as in any way condoning respondent's conduct. Rather, dismissal of this neglect proceeding is predicated solely upon petitioner's failure to submit any evidence on the statutorily mandated element of impairment or imminent danger of impairment of the child's physical, mental or emotional condition. ¶ Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.