■ In the Matter of COLEEN P. and Others Alleged to be Neglected Children. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMELIA P., Appellant.—Mahoney, P. J. Appeal from an amended order of the Family Court of Sullivan County (Kane, J.), entered February 16, 1988, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated Mary P. to be a neglected child.

On April 13, 1987, respondent, accompanied by her three children, Coleen, Mary and Nicole, respectively eight, five and three years old, exited a Shop Rite supermarket in the Village of Monticello, Sullivan County. An eyewitness testified that respondent was carrying Mary, who was crying hysterically. Mary broke away from respondent, who grabbed the child and began shaking her. As a consequence of the shaking, Mary's head struck the concrete pavement on two separate occasions. Respondent denied that she shook Mary, claiming that the child threw herself on the ground and struck her head.

Petitioner investigated the incident and found that the children were unkempt and dirty as well as improperly dressed for the existing weather. Further, respondent's residence was found to be in disarray and dirty. As a result of this inquiry, petitioner commenced a proceeding alleging that respondent had neglected her three children (Family Ct Act art 10). After a hearing, Family Court credited the eyewitness testimony and determined that the April 13, 1987 incident whereby respondent shook her daughter Mary and thereby caused her head to strike the pavement placed the child in imminent risk that she would suffer serious physical harm.

Family Court found insufficient evidence of neglect on the other charges and, accordingly, dismissed the neglect petition except insofar as it alleged Mary to be a neglected child because of the April 13, 1987 incident. This appeal by respondent ensued.*

Respondent argues that a single incident cannot constitute child neglect without rising to the level of child abuse. It has been established that a single incident can constitute child abuse *(see, e.g., Matter of Lydia K.,* 123 Misc 2d 41, *affd* 112 AD2d 306, *affd* 67 NY2d 681). It also has been established that child neglect involves a lower threshold of injury than child abuse *(Matter of Maroney v Perales,* 102 AD2d 487, 489). Therefore, if a single incident can constitute child abuse, a fortiori a single incident can constitute the lower standard encompassed in child neglect. It remains to determine whether the particular facts here satisfy the statutory standards.

A neglected child is:

"a child less than [18] years of age

"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * *

"(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting * * * harm, or a substantial risk thereof" (Family Ct Act § 1012 [f]).

There is no statutory definition of impairment of physical condition *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 239), although a commentator has offered guidance by analogizing to the definition of "impairment of mental or emotional condition" contained in Family Court Act § 1012 (h) and to the objective component of the definition of physical injury in Penal Law § 10.00 (9) *(see,* Besharov, 1984 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012 [1989 Pocket Part], at 46-47).

---

* Although the appeal is ostensibly taken "from a Judgment of Neglect rendered on the 11th, *[sic]* day of January, 1988", there was no written order of disposition entered at the time the notice of appeal was filed. We shall treat the amended order entered February 16, 1988 as the order of disposition encompassing the finding of neglect from which the appeal is taken. We note that the parties do not raise any procedural complaint in this regard and apparently have conducted themselves in accordance with the court's determination.

This case can be resolved without wading into the murky water surrounding the parameters of impairment of physical condition. In *Matter of Susan B.* (102 AD2d 938), we held that "in the absence of any proof concerning the impact of this [sole] incident on the child's physical, mental or emotional condition, the petition must be dismissed". In this case, at least two witnesses who saw Mary on April 13, 1987 after the incident failed to describe any injury to her forehead, notwithstanding other witnesses who saw what was variously described as a bruise or red mark. It is apparent from the record that the child was not otherwise affected by this incident. This inconclusive evidence concerning Mary's condition following the incident simply fails to satisfy the statutory requirement of impairment or imminent danger of impairment of the child's physical, mental or emotional condition. Although we cannot condone respondent's conduct in the April 13, 1987 incident and are disturbed by the testimony about the family's living conditions, we are limited to reviewing Family Court's finding of neglect based solely on the one incident. We hold that there is insufficient evidence to support the neglect finding and, accordingly, reverse that determination.

Amended order modified, on the law, without costs, by reversing so much thereof as determined Mary P. to be a neglected child and made orders of disposition; petition dismissed insofar as it relates to said child; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.