■ In the Matter of WILLIAM EE. and Others, Alleged to be Neglected Children. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD EE. et al., Appellants.—Mercure, J. Appeals from four orders of the Family Court of Cortland County (Mullen, J.), entered October 25, 1988, which granted petitioner's applications, in proceedings pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

On May 6, 1988, respondent Donald EE. advised the Child Protective Services of petitioner that his wife, respondent Vivian EE., had left him following an argument; he requested that their three children be temporarily placed in foster care until the situation could be resolved. Colleen Thomas, a Child Protective Services caseworker, drove to the couple's home. Donald executed a consent to the temporary placement of his children, advised Thomas of the children's names and dates of birth, assisted the children into Thomas' car, and said goodbye to them. On May 9, 1988, petitioner filed separate petitions under Family Court Act article 10 alleging neglect of each of respondents' children.[1]

The evidence adduced at the fact-finding hearing, viewed in a light most favorable to petitioner, as it must be, consisted of Thomas' recount of a conversation she had with the two oldest children, then aged four and five, during which they told her that they were afraid to go back home and that respondents had hit them and their younger sister with sticks and tied them into their chairs with extension cords. They also stated that their father often fought with their mother, that they were sometimes left alone for short periods of time and that they "didn't get supper a lot" because there was not enough money. Vivian's sister testified that she witnessed violence in respondents' home on several occasions, sometimes with the children present, and that she had seen Donald hit the children and pull their hair. Vivian's sister described the dispute between respondents on May 6, 1988. She stated that Donald, who had been drinking, called Vivian vile names and accused her of marital infidelity, prompting Vivian to leave the apartment.

---

1. On July 2, 1988, Vivian gave birth to a fourth child, David, who was removed from respondents' home by order of Family Court following a hearing on July 5, 1988 without notice to respondents. A neglect petition was thereafter filed as to him as well.

Following the fact-finding hearing, on August 9, 1988 Family Court made a determination of neglect with respect to all of the children. The stated ground in each case was that "there was an assault and argument between [r]espondents on May 6, 1988 requiring said child to be placed in foster care, and upon the statements of the children as reported by petitioner".[2] The dispositional hearing took place on August 30, 1988 and October 24, 1988 and resulted, *inter alia,* in the placement of all four children with petitioner for a period of 18 months from May 6, 1988. We were advised at oral argument that the placement has since been extended.

On appeal, respondents contend that both the May 6, 1988 removal of the three children and the July 5, 1988 removal of the newborn baby, David, were improper and that the orders of disposition were not supported by sufficient evidence. We find merit in all of respondents' contentions, but need only consider the last. In our view, the evidence adduced at the fact-finding hearing, and particularly that relied upon by Family Court, was insufficient as a matter of law to support a finding of neglect with respect to any of the children. The orders of disposition must, accordingly, be reversed and the petitions dismissed.

We begin our discussion by emphasizing the importance of adequate factual findings in a proceeding under Family Court Act article 10 *(see,* Family Ct Act § 1051 [a]; CPLR 4213 [b]; *Matter of Tashyne L.,* 53 AD2d 629, 630; *see also, Matter of Paul "X",* 57 AD2d 216, 220). A precise statement of the facts relied upon by Family Court not only permits intelligent appellate review, but "encourages thoughtful judicial decision-making by forcing an articulation of the basis of the decision" and "reduces the possibility that judges will make a finding based upon some vague and amorphous sense that the parents are somehow not meeting the child's needs" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1051, at 413-414). Here, Family Court's findings were patently inadequate and serve only to underscore the dearth of competent credible evidence to support the findings of neglect. Although we recognize that respondents' home environment was less than ideal, a literal reading of Family Court's findings of fact indicates that the determinations of neglect were grounded upon nothing more than Donald's request for assistance following a single incident of

---

2. Inexplicably, the same ground was utilized with respect to the petition concerning David, born two months following the May 6, 1988 incident.

marital discord and the vague hearsay allegations of children of very tender years that their home environment was somewhat volatile and they were sometimes hit.

Conspicuously absent at the fact-finding hearing was evidence that any of the children had ever been injured, physically, mentally or emotionally, by any of the claimed conduct. The children told Thomas that they had been struck but not that they had been injured. We find no testimony concerning cuts, welts, bruises or even pain, except for some evidence of minor bruises in the area of the boys' knees which, considering their ages, is more persuasive evidence of play than of punishment and hardly corroborative of excessive corporal punishment (see, Family Ct Act § 1046 [a] [vi]). Significantly, Thomas described the bruises as "nothing really serious". There is no indication in the record that any of the children or respondents were required to seek medical treatment as a result of the claimed physical abuse. To the contrary, the children's pediatrician testified that all of the children were healthy, of normal height and weight, and were brought in regularly for well-baby visits and inoculations. His files contained no evidence of mistreatment.

Petitioner has the burden of proving the allegations of the petition by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]). Here, the inconclusive evidence concerning the condition of the children fails to satisfy the statutory requirement of impairment or imminent danger of impairment of their physical, mental or emotional condition (Family Ct Act § 1012 [f] [i]; see, Matter of Coleen P., 148 AD2d 782, 784; Matter of Susan B., 102 AD2d 938; see also, Matter of Rebecca W., 122 AD2d 582). Finally, our decision should not be read as in any way condoning respondents' conduct. Rather, the dismissal of these proceedings is predicated solely upon petitioner's failure to submit sufficient evidence to support the findings of neglect.

Orders reversed, on the law, without costs, and petitions dismissed. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.