■ In the Matter of CRYSTAL II. and Another, Alleged to be Abused and Neglected Children. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK KK., Appellant. [600 NYS2d 309] —Weiss, P. J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered April 11, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and neglected.

Respondent's children, Crystal (born in 1973) and Mark (born in 1978) were removed from his custody on an emergency basis on April 11, 1989. At the 72-hour hearing *(see,* Family Ct Act § 1028), respondent agreed that the petition and the supporting affidavits of a child protective caseworker and his daughter be admitted into evidence; however, he denied the allegations contained therein. Family Court continued the emergency placements, permitting only limited contact with Mark, and noted that "[t]here is a denial by [respondent] of the charges. The affidavit of [petitioner] is admitted by consent, and there is no way of proving or disproving the actions right now with the matter before the Court." The

matter was adjourned for a fact-finding hearing. After several additional adjournments, it appeared that respondent consented to a fact-finding determination based upon the record of the 72-hour hearing; however, it became apparent at subsequent adjournments that respondent sought to introduce evidence of his innocence. No further hearings were held and by order dated April 11, 1990, Family Court found that respondent had admitted in open court to committing a felony sex offense against his daughter and, upon that sole basis, determined both children to be neglected and abused. The restrictive terms of the placement and respondent's contact with his children were continued. Respondent has appealed.*

Respondent contends that he consistently denied the allegations and the record is devoid of any admission by him, much less the voluntary, intelligent and knowing admission which Family Court found and relied upon. We agree. Moreover, the out-of-court statement by Crystal, otherwise totally uncorroborated, is insufficient, as a matter of law, upon which to make a factual finding of abuse or neglect (see, Family Ct Act § 1046 [a] [vi]). In view of the lack of admissible evidence, and the failure to hold either a fact-finding or dispositional hearing, the order of disposition must be reversed and the proceeding remitted to Family Court (see, Matter of William EE., 157 AD2d 974, 975-976).

Yesawich Jr., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.

---

* The matter has become moot as to respondent's oldest child, who has reached the age of majority. However, it is respondent's alleged conduct toward her which also served as a basis for the removal of the younger child.