■ In the Matter of CHEYENNE F., a Child Alleged to be Neglected. RICHARD K., Appellant; OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [661 NYS2d 141] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner filed a petition accusing respondent and respondent's paramour of child abuse based upon an incident that allegedly occurred when the child was about six years old. The petition alleged that respondent sexually abused the child while taking a shower with her. Respondent admitted that he put the child in the shower, but denied that he took a shower with her or that he sexually abused her. Family Court concluded that there was insufficient evidence to establish abuse, but, based upon its opinion that "something happened", entered an order of neglect and continued an order of protection for 12 months. We reverse.

A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care" in supplying the child with adequate food, clothing, and shelter or in providing the child with proper supervision or guardianship (Family Ct Act § 1012 [f] [i]). "Impairment of emotional health" and "impairment of mental or emotional condition" are defined as "a state of substantially diminished psychological or intellectual functioning in relation to, but not limited to, such factors as failure to thrive, control of aggressive or self-destructive impulses, ability to think and reason, or acting out or misbehavior, including incorrigibility, ungovernability or habitual truancy * * * such impairment must be clearly attributable to the unwillingness or inability of the respondent to exercise a minimum degree of care toward the child" (Family Ct Act § 1012 [h]). Here, the court found that the evidence adduced by petitioner was not sufficient to prove the allegations of abuse by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]), but that, because "something happened", respondent was guilty of neglect. The proof adduced at the hearing does not support that finding (*see, Matter of William EE.,* 157 AD2d 974, 975-976). There is no indication in the record that the child was required to seek medical treatment or that she was otherwise impaired or in imminent danger of impairment of her physical, mental, or emotional

condition as a result of any acts committed by respondent (*see,* Family Ct Act § 1012 [f] [i]; *see also, Matter of William EE., supra,* at 976; *Matter of Coleen P.,* 148 AD2d 782, 784). (Appeal from Order of Oswego County Family Court, Roman, J.—Neglect.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.