■ In the Matter of ANTHONY PP., a Child Alleged to be Neglected. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PETER PP., Appellant. [737 NYS2d 430] —Lahtinen, J. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered March 2, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

This neglect proceeding stems from a May 9, 2000 incident wherein respondent's then 11-year-old son, Anthony, accused his father (respondent) of dragging him out of the car by his shirt collar, scraping his neck, and throwing him on the ground, scraping his knee. Anthony called the child abuse hotline and reported the incident several days later while he was visiting his mother. On May 14, 2000, petitioner's Child Protective Services caseworker spoke to Anthony and thereafter spoke to respondent, who denied Anthony's accusations, denied he had ever hit his son and refused to agree to what he perceived as an unnecessary safety plan for the child.

Petitioner filed a petition pursuant to Family Court Act article 10, alleging that respondent used excessive corporal punishment on Anthony and that respondent had a history of indicated cases involving excessive corporal punishment which

put the child at risk of harm. Respondent failed to appear at the fact-finding hearing where Anthony, petitioner's caseworker and an Amsterdam police officer testified. Family Court (Going, J.) found that respondent's actions resulted in physical and emotional injuries to Anthony and determined that respondent had neglected the child. Thereafter, the court granted respondent's application to reopen the proceeding (*see,* Family Ct Act § 1042) and, after hearing the testimony of respondent and his wife, reaffirmed the finding of neglect against respondent. Following a dispositional hearing, Anthony was placed under petitioner's supervision and respondent was directed to partake in various services. Respondent now appeals,[1] and we reverse.

Notwithstanding our acceptance of Family Court's determination regarding the credibility of the witnesses, which must be accorded the greatest respect (*see, Matter of Nathaniel T.,* 67 NY2d 838, 842), our review of the record reveals that petitioner has failed to meet its burden of demonstrating by a preponderance of the evidence that respondent's actions on May 9, 2000 impaired or placed in imminent danger of impairment Anthony's emotional condition (*see,* Family Ct Act § 1012 [f] [i] [B]; [h]; § 1046 [b]; *Matter of Ronnie XX.,* 273 AD2d 491, 493). Petitioner presented no competent proof of any prior "indicated" child abuse report, as was alleged in the petition, nor was there any proof of a pattern of respondent's use of corporal punishment on Anthony or his stepchildren who also reside in the same household. Proof that respondent lost his temper on prior occasions, and reacted by screaming and hollering and then leaving the house, does not constitute the level of domestic violence which has been held to serve as a basis for neglect (*see, e.g., Matter of Lonell J. Jr.,* 242 AD2d 58). Moreover, while a single incident may suffice to sustain a finding of neglect (*see, Matter of Victoria CC.,* 256 AD2d 931, 932), we do not find this isolated incident, which resulted in minor physical injury to the child,[2] mandates the finding of neglect made by the court (*see, Matter of Amanda E.,* 279 AD2d 917).

We also note that the only testimony concerning the emotional effects suffered by Anthony from the May 9, 2000 incident, aside from the child's testimony, came from petitioner's caseworker who described Anthony as "shaking" when he interviewed him on May 14, 2000. However, this was five days

1. Notably, although Judge Going presided over all of the proceedings in this matter, the final order was signed by a different Family Court Judge.

2. Respondent applied a band-aid to Anthony's knee and gave him an ice pack for his neck immediately after the incident. No other treatment was rendered or sought.

removed from the incident, the child had remained at home with respondent for two days after the incident, he had asked respondent for and received permission to visit his mother and he did not complain about the incident to his mother. Consequently, we disagree with Family Court that respondent's actions on May 9, 2000 "subjected the child to emotional abuse" and were sufficient to support a finding that Anthony was a neglected child, particularly absent proof that respondent's actions impaired or posed an imminent danger of impairing Anthony's emotional condition (*see, Matter of Amanda E., supra; Matter of Ronnie XX., supra*).

Finally, our decision is predicated solely on petitioner's failure to sustain its burden of proof and should not be read as approval of respondent's inappropriate behavior in this instance, nor condonation of his "hollering and screaming" as an acceptable form of child discipline. In light of this ruling, respondent's other issues have been rendered academic.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.