■ In the Matter of JACQUELINE G., Petitioner, v DAVID R. PETERS, as Director of New York State Central Register of Child Abuse and Maltreatment, et al., Respondents. [740 NYS2d 541] —CPLR article 78 proceeding transferred to this Court by order of Supreme Court, Erie County (Glownia, J.), entered September 24, 2001, seeking to annul the determination denying petitioner's request to amend a report maintained at the New York Central Register of Child Abuse and Maltreatment.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination denying her request to amend a report maintained at the New York State Central Register of Child Abuse and Maltreatment (Central Register) by providing that the "indicated" report of maltreatment was instead "unfounded." We agree with petitioner that the determination is not supported by substantial evidence and therefore must be annulled.

Petitioner has been the foster parent of the subject nine-year-old child since the child's birth, and wishes to adopt him. During an investigation unrelated to the investigation herein, a caseworker of the Erie County Department of Social Services (DSS) questioned the child about petitioner's disciplinary methods. The child, who is moderately mentally retarded and suffers from attention deficit/hyperactivity disorder, told the caseworker that petitioner makes him stand in the corner with his hands over his head for "a long time." When confronted with that information, petitioner did not deny disciplining the child in that manner. She initially told the caseworker that the duration of such discipline was 20 to 30 minutes, but she immediately corrected herself, stating that the duration was three to five minutes. The "indicated" report alleging that petitioner had maltreated the child by the use of excessive corporal punishment resulted from the caseworker's interviews with the child and petitioner. Following a fair hearing, the Administrative Law Judge found that the child was maltreated and denied petitioner's request to amend the report maintained at the Central Register.

We conclude that the determination is not supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *see, Matter of Beth G. v Johnson*, 280 AD2d 999; *see generally, Matter of Berenhaus v Ward*, 70

NY2d 436, 443). At the fair hearing, DSS had the burden of establishing by a fair preponderance of the evidence that petitioner maltreated the child by the excessive use of corporal punishment, as alleged by DSS (*see, Matter of Robert OO. v Dowling,* 217 AD2d 785, *affd* 87 NY2d 1043), and that such punishment impaired or is in imminent danger of impairing the child's physical, mental, or emotional condition (*see,* Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i]; Matter of Cheyenne F., 238 AD2d 905, 905-906; *Matter of William EE.,* 157 AD2d 974, 976). DSS failed to meet that burden, and thus the "indicated" report must be amended to provide that the report is unfounded.

At the fair hearing, the only witness to testify on behalf of DSS was the caseworker who had questioned the child during the unrelated investigation. The testimony of the caseworker was based solely on that interview with the child and on her one interview with petitioner. DSS presented no proof concerning the manner in which that course of discipline impaired or was in imminent danger of impairing the child's physical, mental or emotional condition. Absent proof of impairment, a maltreatment report cannot be "indicated" (*see generally, Matter of Coleen P.,* 148 AD2d 782, 784). Petitioner, however, presented the testimony of witnesses who had viewed the child and/or petitioner and the child together, including several mandatory abuse reporters, and she offered in evidence letters written on her behalf. The witnesses included the child's physical and mental health care providers, the principal of the child's public school and Sunday school, and members of petitioner's church, including the pastor. They refuted all allegations of maltreatment, and testified that the child has been functioning at a higher level than predicted, given his condition. We therefore annul the determination and grant the petition. Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.