In the Matter of Antonio NN. and Another, Children Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER OO., Appellant. [812 NYS2d 176]—

Spain, J. Appeals from orders of the Family Court of Chemung County (Brockway, J.), entered April 4, 2005 and July 6, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected, and placed respondent under the supervision of petitioner for a period of one year.

During the morning of May 14, 2004, respondent's two-year-old daughter and five-year-old son were playing outside of their home in the City of Elmira, Chemung County, without supervision for an extended period of time. During that time, the daughter ran into the street adjacent to their backyard and, tragically, was struck by an SUV, sustaining serious injuries, including brain damage. The incident prompted a call to the Central Register of Child Abuse and Maltreatment hotline, and a report was issued to petitioner, alleging inadequate supervision by respondent, and investigated by a senior caseworker in its Child Protective Services unit. In June 2004, petitioner filed a neglect petition, with attached affidavits by the caseworker, eyewitnesses and neighbors alleging that respondent had failed to provide adequate supervision (see Family Ct Act § 1012 [f] [i] [B]), and Family Court issued a temporary order of supervision over respondent and the children. An amended petition was filed in July 2004. Following fact-finding and dispositional hearings, Family Court issued a written decision sustaining the petition and placed respondent under petitioner's supervision for a 12-month period. Respondent now appeals, challenging the adequacy of the evidence to support the neglect finding and some of the terms and conditions of the dispositional order. Finding no basis to disturb Family Court's orders, we affirm.

As relevant here, a neglected child is defined as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a *minimum degree of care* . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B] [emphasis added]). The

statute establishes a " 'minimum baseline of proper care for children that all parents, regardless of lifestyle or social or economic position, must meet' " (*Matter of Jessica YY.*, 258 AD2d 743, 744 [1999], quoting Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 326). "Under such standard, parental behavior [is] evaluated objectively [according to] whether a reasonable and prudent parent would have so acted" (*Matter of Jessica YY., supra* at 744 [internal quotation marks and citations omitted]).

In order to establish neglect, petitioner must show by a preponderance of the credible evidence (*see Matter of Brandon C.*, 237 AD2d 821, 822 [1997]) that the child has been harmed or threatened with harm (*see Matter of Evelyn X.*, 290 AD2d 817, 819 [2002], *appeal dismissed* 98 NY2d 666 [2002]; *Matter of Christopher JJ.*, 281 AD2d 720, 720-721 [2001]). Contrary to respondent's claims, "a single incident may be sufficient to constitute child neglect and . . . an isolated accidental injury may constitute neglect if the parent was aware of [or should have been aware of] the intrinsic danger of the situation" (*Matter of Victoria CC.*, 256 AD2d 931, 932-933 [1998] [citations omitted]; *see Matter of Jerrica J.*, 2 AD3d 1161, 1163 [2003]).

Here, the evidence reflects that respondent allowed the children to go outside to play while she reportedly went to the basement to do laundry. Although the backyard was fenced in, the rear of the yard abutted a street and the testimony established that the gate was often open, respondent knew the children could open it and the children regularly played outside unsupervised. A neighbor whose house is across the street from respondent's backyard testified that, prior to the accident, respondent's children came over to her house and played in her backyard for about five minutes and then left; she had not seen respondent that day nor had she agreed to watch respondent's children. The children then played in that neighbor's front yard for about 10 minutes, and two other neighbors observed the two-year-old darting back and forth across the street alone several times, before she was struck by the passing vehicle and dragged a distance of about 100 feet. Despite the loud noises— heard by several neighbors who called 911—caused by the accident and the arrival of police, firefighting and ambulance vehicles, respondent did not appear and was finally located in her basement after a considerable amount of time had elapsed.

We agree with Family Court's finding that, under these circumstances, allowing these young children to play outside, unsupervised, for a substantial period of time in close proximity to an accessible city street exposed them to actual and serious

imminent harm constituting neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *see also Nicholson v Scoppetta,* 3 NY3d 357, 368 [2004]; *cf. Matter of Matthew WW. v Johnson,* 20 AD3d 669, 671 [2005]). Indeed, respondent's failure to testify at the fact-finding hearing permitted the strongest inference against her (*see Matter of Nassau County Dept. of Social Servs. v Denise J.,* 87 NY2d 73, 79 [1995]), and we accord great deference to Family Court's findings (*see Matter of Senator NN.,* 11 AD3d 771, 772 [2004]).

In view of the foregoing, respondent's other challenges to the neglect finding merit little discussion. The paternal grandmother's testimony concerning her observations while babysitting the children in the fall of 2003 were relevant to the neglect allegations and not so temporally remote in relation to this May 2004 incident to be relied upon, in part, in sustaining this neglect petition. Since the evidence amply supported the finding of neglect based upon the circumstances surrounding the vehicular incident, we see no need to address respondent's claims regarding Family Court's alternate, secondary finding that her conduct in permitting firearms in her home, to which the children had access, also constituted neglect.

We similarly reject respondent's challenges to the scope and relevancy of the terms and conditions contained in Family Court's dispositional order of supervision. Notably, an order of supervision "need not necessarily relate to respondent's adjudicated acts or omissions [of neglect]" (*Matter of Baby Girl W.,* 245 AD2d 830, 832 [1997]; *see* Family Ct Act §§ 1054, 1057). Each of the terms and conditions were permissible and fully supported and warranted by the demonstrated facts of this proceeding (*see* 22 NYCRR 205.83 [a]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.