■ In the Matter of JOHN O., a Child Alleged to be Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON Q., Appellant. (Proceeding No. 1.) In the Matter of SAMANTHA O., a Child Alleged to be Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON Q., Appellant. (Proceeding No. 2.) [839 NYS2d 605]—

Peters, J. Appeal from an order of the Supreme Court (Stein, J.), entered June 12, 2006 in Rensselaer County, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of two children, Samantha (born in 1992) and John (born in 1991), who resided with her until December 2005, when a cousin was awarded temporary custody of Samantha. In February 2006, petitioner sought to adjudicate both children to be neglected. Petitioner alleged, among other things, that respondent hit Samantha on the hand with a wax candle causing bruising, called her vulgar names, went out at night, sometimes not returning home, and attempted to abandon Samantha at a local police station. After a fact-finding hearing, Supreme Court found Samantha to be neglected and John to be derivatively neglected. Supreme Court entered a one-year order of supervision upon terms agreed to by respondent. This appeal ensued.

In *Nicholson v Scoppetta* (3 NY3d 357 [2004]), the Court of Appeals clarified that, in seeking to establish neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), the child's physical, mental or emotional condition must be shown to have been impaired or be in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i]). Such proffer must demonstrate "serious harm or potential harm to the child, not just . . . what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta, supra* at 369), by a "failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]). With the Court of Appeals emphasizing that the "statutory test is '*minimum* degree of care'—not maximum, not best, not ideal—and the failure must be actual, not threatened" (*Nicholson v Scoppetta, supra* at 370), courts are forced to evaluate parental behavior on an objective basis. Applying that stan-

dard, we find that petitioner failed to demonstrate neglect by a preponderance of the evidence.

Addressing the candle incident, testimony established that respondent hit Samantha's hand with a wax candle during one of their heated exchanges. While this exchange caused a slight bruise on Samantha's thumb, it did not require any medical attention. While we decry such behavior, it did not rise to neglect (*see Matter of Anthony PP.*, 291 AD2d 687, 688-689 [2002]; *Matter of Amanda E.*, 279 AD2d 917, 918-919 [2001]).

We find similarly with respect to the name-calling allegation. Through the testimony of one of petitioner's supervisors who witnessed one such incident, it was established that respondent called Samantha a vulgar name during an outburst of anger after she learned that a cousin had just been awarded temporary custody of Samantha. Acknowledging that this supervisor further testified that Samantha was emotionally upset for approximately an hour thereafter, there was no viable evidence that Samantha's emotional condition was solely linked to this incident. Testimony proffered concerning respondent's attempt to abandon Samantha at a local police station on the day prior to this incident, during one of their heated exchanges, was similarly insufficient (*compare Matter of Christina BB.*, 305 AD2d 735, 735-736 [2003]; *Matter of Kim HH.*, 239 AD2d 717, 719 [1997]).

Turning to the evidence that respondent went out at night and did not return home on one specific occasion, there was no testimony that Samantha was left home alone without her older brother. At the time, she was 14 while John was 15, and testimony established that her grandmother, who lived in the apartment upstairs, was home (*compare Matter of Antonio NN.*, 28 AD3d 826, 826-828 [2006]). Samantha further testified that during the time that this incident occurred, she frequently babysat alone for her 8 and 11-year-old cousins.

In evaluating each of these incidents, both separately and in conjunction with each other, to determine whether respondent exercised a minimum degree of care in providing Samantha with proper supervision or guardianship, we emphasize the paucity of evidence proffered concerning the emotional effects that such incidents had on Samantha. With no psychological evaluation or competent testimony linking the clear inadequacies of respondent's parenting to Samantha's disciplinary issues both at home and at school, we cannot conclude that Samantha's defiant and confrontational behaviors are "clearly attributable" to respondent's failures (Family Ct Act § 1012 [h]). Guided by *Nicholson v Scoppetta* (*supra*), we are compelled to conclude

that petitioner failed to meet the requisite statutory standards to support the finding of neglect concerning Samantha. In light of this determination, there can be no such finding with respect to John (*see Matter of Jerrica J.*, 2 AD3d 1161, 1163 [2003]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, without costs, and petitions dismissed.