In the Matter of Alyssa OO., a Child Alleged to be Neglected. Chenango County Department of Social Services, Respondent; Andrew PP., Appellant. [889 NYS2d 752]—

Peters, J. 

Respondent and Heather OO. are the parents of Alyssa OO. (born in 2002). In December 2004, Alyssa began living with her maternal grandparents after the parents were evicted from their apartment. The grandparents were awarded custody of Alyssa in April 2005 and respondent's visitation was terminated in July 2005. In October 2007, petitioner commenced this proceeding seeking an adjudication that respondent neglected Alyssa based on the following allegations: (1) respondent engaged in verbal and physical altercations with Heather OO., some of which were in the presence of the child; (2) respondent failed to obtain counseling for domestic violence; and (3) respondent did not adequately support the child as evidenced by his failure to make court-ordered child support payments. After a fact-finding hearing, Supreme Court found Alyssa to be a neglected child. Respondent appeals.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta,* 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]; *Matter of Chelsea M.,* 61 AD3d 1030, 1031 [2009]). In other words, "petitioner must show by a preponderance of the credible evidence that the child has been harmed or threatened with harm. In the absence of such proof, the statutory requirement of impairment or imminent danger of impairment will not be satisfied and neglect will not be established" (*Matter of Shannon ZZ.,* 8 AD3d 699, 700 [2004] [internal quotation marks and citations omitted]; *accord Matter of Jerrica J.,* 2 AD3d 1161, 1162 [2003]; *Matter of Jessica YY.,* 258 AD2d 743, 744 [1999]; *see Matter of William EE.,* 157 AD2d 974, 976 [1990]). Although we accord great deference to Supreme Court's assessment of witness credibility (*see Matter of Shalyse WW.,* 63 AD3d 1193, 1196 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Desmond LL.,* 61 AD3d 1309, 1309 [2009]), our review of the record reveals that petitioner has failed to meet its burden of demonstrating neglect by a preponderance of the evidence.

First addressing respondent's failure to meet his child sup-

port obligations, the proof established that respondent, required to pay $50 per month in child support pursuant to a May 2005 order, was in substantial arrears, having made no payments towards his support obligation since July 2006. Additionally, the maternal grandmother testified that, while Alyssa was in her custody, respondent provided no financial assistance to her with regard to the child's necessities. Absent from the record, however, was any evidence tending to show that Alyssa's needs were not being met or that her welfare was impaired or in imminent danger of becoming impaired as a result of respondent's failure to meet his child support obligations (see Family Ct Act § 1012 [f] [i]). Proof that respondent has failed to meet his child support obligations does not, by itself, rise to the level of neglect.

Nor was there any evidence to support petitioner's assertion that respondent neglected Alyssa by failing to obtain counseling for domestic violence. No evidence was presented establishing that respondent was ever required to obtain such counseling. Moreover, respondent's testimony that he went to a counselor and discussed the domestic issues between he and Heather OO. went unrebutted.

We further find that petitioner has failed to meet its burden of demonstrating by a preponderance of the evidence that respondent's conduct in engaging in verbal and physical altercations with Heather OO. impaired or posed an imminent danger of impairing Alyssa's physical, mental or emotional condition. While the respondent and Heather OO. agreed that they frequently argued with one another, and that such verbal disputes often involved screaming and hollering, with respondent ultimately leaving the home before things escalated, such proof does not constitute the level of conduct that has been found to serve as a basis for neglect (see Matter of Anthony PP., 291 AD2d 687, 688 [2002]). Although there was evidence that respondent and Heather OO. engaged in a number of physical altercations, there was no proof that Alyssa was present in the home during any such altercations, with the exception of an October 2004 incident. As to that incident, the record is devoid of proof that physical injury resulted to any participant or that Alyssa—who was then an infant and in a crib upstairs—witnessed or was otherwise aware of the incident (see Matter of Shannon ZZ., 8 AD3d at 701; Matter of Jerrica J., 2 AD3d at 1163; compare Matter of Michael WW., 20 AD3d 609, 612 [2005]; Matter of Richard T., 12 AD3d 986, 987-988 [2004]). While respondent's conduct was inappropriate, since no evidence was presented concerning the mental or emotional effects that any

of the claimed conduct had on Alyssa, we are compelled to conclude that petitioner failed to satisfy the requisite statutory standards to support a finding of neglect with respect to Alyssa (*see Matter of John O.*, 42 AD3d 687, 688-689 [2007]; *Matter of Shannon ZZ.*, 8 AD3d at 701; *Matter of Anthony PP.*, 291 AD2d at 688-689; *Matter of Ronnie XX.*, 273 AD2d 491, 494 [2000]; *Matter of William EE.*, 157 AD2d at 976).

Cardona, P.J., Lahtinen, Kane and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.