■ In the Matter of SHIREE G. and Another, Children Alleged to be Neglected. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; ROBERT E., Appellant. [902 NYS2d 703]—

Mercure, J.P. Appeal from an order of the Family Court of Albany County (Maney, J.), entered March 11, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

During the time period relevant to this proceeding, respondent resided with the subject children (born in 2004 and 2006) and their mother, and concedes that he was legally responsible for the children's care. In October 2007, respondent initiated a physical altercation with the mother, who was pregnant, during a home visit by a caseworker investigating a report of domestic violence. Respondent allegedly grabbed the mother and hurled her into a wall while attempting to wrestle a cell phone away from her, prompting the mother—who was screaming at the caseworker to call 911—to grab a knife and hold it to respondent's throat. The caseworker testified that the children were approximately two feet away from respondent and the mother and were visibly terrified, screaming, hysterically crying and reaching for the mother. Respondent left the residence when the caseworker told him that the police were on their way.

Thereafter, petitioner commenced this proceeding against respondent alleging that he neglected the children due to, among other things, the October 2007 incident. Following a hearing,

Family Court found that respondent had neglected the subject children, and this appeal ensued.*

We affirm. "[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" by unreasonably inflicting harm or a substantial risk thereof (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *accord Matter of Alyssa OO. [Andrew PP.]*, 68 AD3d 1158, 1159 [2009]; *see* Family Ct Act § 1012 [f] [i] [B]). Here, given the caseworker's testimony regarding the children's terrorized response to the incident of domestic violence instigated by respondent against the mother, a sound and substantial basis supports Family Court's conclusion that respondent's actions endangered the well-being of the children and, thus, constituted neglect (*see Matter of Michael WW.*, 20 AD3d 609, 611-612 [2005]; *Matter of Karissa NN.*, 19 AD3d 766, 766-767 [2005]; *Matter of Richard T.*, 12 AD3d 986, 987-988 [2004]; *cf. Matter of Alyssa OO. [Andrew PP.]*, 68 AD3d at 1160-1161).

Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

* A separate proceeding alleging that respondent abused the subject children and his newborn son, who had suffered a fractured skull, was dismissed.