*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                516490
_____

In the Matter of JAVAN W. and
    Others, Alleged to be
    Neglected Children.

COLUMBIA COUNTY DEPARTMENT OF              MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                        Respondent;

ABA W.,
                        Appellant.
_____

Calendar Date:   November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

_____

        Alexander W. Bloomstein, Hillsdale, for appellant.

        William J. Better, PC, Kinderhook (N. Daniel Reeder of
counsel), for respondent.

        Sheila M. Hurley, Malden-on-Hudson, attorney for the
children.

_____

McCarthy, J.

        Appeal from an order of the Family Court of Columbia County
(Nichols, J.), entered March 21, 2013, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate respondent's children to be neglected.

        Following two separate incidents requiring police
intervention, petitioner commenced this proceeding alleging that
respondent neglected four of her children (born in 1996, 1998,

2002 and 2008).  After a hearing, Family Court found that respondent's actions during those two incidents constituted neglect of her children.  The court continued the children in petitioner's care and placed respondent under a year-long order of supervision with specific services and conditions.  Respondent appeals.

We reverse.  To satisfy its burden on the neglect petition, petitioner had to prove by a preponderance of the evidence that respondent's failure "to exercise a minimum degree of care" in providing proper supervision or guardianship resulted in the children's "physical, mental or emotional condition" being impaired or placed "in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]; see Family Ct Act § 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).  There are two prongs: actual or imminent danger, and failure to exercise a minimum degree of care (see Nicholson v Scoppetta, 3 NY3d at 369-370).  The Legislature's requirement of actual or imminent danger of impairment prevents state intrusion into private family life in the absence of "serious harm or potential harm to the child, not just . . . what might be deemed undesirable parental behavior" (id. at 369).  "Imminent danger, however, must be near or impending, not merely possible" (id.).

Petitioner presented proof of two incidents.  In July 2011, respondent had a verbal argument with her then 13-year-old daughter.  Afterward, respondent was loudly explaining the situation to neighbors and cursing in the street.  The police eventually attempted to arrest respondent and she resisted, cursing at the police.  She was convicted of the violations of disorderly conduct and harassment in connection with this incident.  The elder two of the four subject children were present for at least part of this incident.

In the second incident, in December 2011, respondent went out for the night without the children.  While she and the 13-year-old child testified that respondent left a friend to babysit the three youngest children (the fourth was not living with respondent at the time), Family Court found this testimony incredible.  Giving deference to that court's credibility determinations and factual findings (see Matter of Joseph MM.

[Clifford MM.], 91 AD3d 1077, 1079 [2012], lvs denied 18 NY3d 809 [2012]; Matter of Antonio NN., 28 AD3d 826, 828 [2006]), respondent left her 13-year-old daughter in charge of children who were nine and three, but also gave the 13-year-old child permission to sleep over at a friend's house that night. After an incident where someone fired shots into respondent's home, police went to the home and found the two youngest children there alone at approximately 3:00 a.m. The 13-year-old child returned shortly thereafter, but none of the children either could or would tell police or petitioner's employees where respondent was or provide a way to successfully contact her. A police officer initially on the scene testified that the two youngest children were visibly upset, but a caseworker who saw the three children approximately 40 minutes later testified that they were not upset. Respondent returned home at 9:30 a.m.

Regarding the first incident, although respondent's behavior was inappropriate and resulted in convictions of violations, the record does not indicate that her two children who were present were actually harmed or in any danger of impairment due to witnessing that behavior (compare Matter of Kaleb U. [Heather V.–Ryan U.], 77 AD3d 1097, 1099 [2010]). Similarly, the record does not indicate that petitioner established the first prong, that the three youngest children were in imminent danger of impairment, when respondent left them alone overnight. One police officer testified that the children were visibly upset when he first arrived at the house. That testimony is too vague to establish impairment of mental or emotional condition, and the record does not contain any expert opinion to that effect (see Matter of Susan B., 102 AD2d 938, 939 [1984]; see also Matter of John O., 42 AD3d 687, 688 [2007]; Matter of Anthony PP., 291 AD2d 687, 688-689 [2002]). Even if that testimony was sufficient to show some impairment, it is unclear if the children were upset because of respondent's actions in leaving them alone as opposed to the shooting that summoned the police or the police officers' entry into their home, which might have been accomplished by force (cf. Matter of Jennifer N., 173 AD2d 971, 973 [1991]). Leaving young children home alone overnight cannot be condoned, and such behavior satisfies the second prong of neglect in that respondent failed to exercise a minimum degree of care, did not provide proper

supervision and her actions fell below what a reasonable and prudent parent would do in those circumstances. Nevertheless, one incident of this improper and irresponsible behavior does not qualify as neglect without a showing of imminent — rather than merely possible — danger of impairment to the children (see Matter of Coleen P., 148 AD2d 782, 784 [1989]; Matter of Susan B., 102 AD2d at 938; see also Matter of Matthew WW. v Johnson, 20 AD3d 669, 671 [2005]; Matter of Anthony PP., 291 AD2d at 688-689; compare Matter of Stephen C. v Johnson, 39 AD3d 932, 933-934 [2007], lv denied 9 NY3d 804 [2007]; Matter of Antonio NN., 28 AD3d at 827-828). Accordingly, due to petitioner's failure to present sufficient evidence of actual or imminent impairment, we must dismiss the petition (see Matter of John O., 42 AD3d at 688-689; Matter of William EE., 157 AD2d 974, 976 [1990]).

Lahtinen, J.P. and Devine, J., concur.


Egan Jr., J. (concurring).

I reluctantly concur. As found by Family Court and recognized by the majority, respondent exercised poor parental judgment in leaving her 13-year-old daughter in charge of her three- and nine-year-old siblings while simultaneously granting the daughter permission to sleep over at a friend's house that evening. The net effect of respondent's decision in this regard was to leave two young children alone in their home overnight — something that no responsible parent would do. There also, in my view, can be no serious question that the shots fired into respondent's residence later that night placed the children in imminent risk of, at the very least, physical harm — a proposition for which I do not believe expert testimony is required. That said, Family Ct Act § 1012 (f) (i) — as presently written — required petitioner to prove by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]) that the children's physical condition was impaired, or was in imminent danger of becoming impaired, as a result of respondent's failure to exercise a minimum degree of care (see Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]). As Family Court accurately found, the specific harm to which respondent's children were exposed, i.e., the gunfire, cannot on this record be attributed to any action or

inaction on the part of respondent, and petitioner presented no other evidence of a generalized risk of impairment created by respondent's absence.  Accordingly, I am constrained to agree that the two-prong test outlined in the statute and discussed in Nicholson has not been met here.


ORDERED that the order is reversed, on the law, without costs, and petition dismissed.




ENTER:


Robert D. Mayberger
Clerk of the Court