Matter of Micah S. (Rogerio S.) (2022 NY Slip Op 03554)

Matter of Micah S. (Rogerio S.)

2022 NY Slip Op 03554

Decided on June 2, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 2, 2022

532768
[*1]In the Matter of Micah S. and Others, Alleged to be Neglected Children. Saratoga County Department of Social Services, Respondent; Rogerio S., Appellant.

Calendar Date:April 21, 2022

Before:Lynch, J.P., Clark, Pritzker, Colangelo and McShan, JJ.

Cheryl L. Sovern, Malta, for appellant.
Michael Hartnett, County Attorney, Ballston Spa (Alexis M. Osborne of counsel), for respondent.
Mitchell S. Kessler, Cohoes, attorney for the child.
Trinidad M. Martin, Glens Falls, attorney for the child.
Michelle I. Rosien, Philmont, for Katy T.

McShan, J.
Appeal from two orders of the Family Court of Saratoga County (Jensen, J.), entered December 14, 2020 and December 30, 2020, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the father of a daughter (born in 2020) and a son (born in 2005). Katy T. is the mother of the daughter. Petitioner commenced this Family Ct Act article 10 proceeding against respondent in June 2020, alleging that he had neglected the daughter and derivatively neglected the son on account of his failure to exercise a minimum degree of care in providing proper guardianship and supervision as evidenced by, among other things, his misuse of drugs, engaging in acts of domestic violence and unreasonably exposing the daughter to a substantial risk of harm.[FN1] Following a three-day fact-finding hearing, Family Court adjudicated the children to have been neglected and derivatively neglected by respondent.[FN2] In connection with that determination, the court issued a stay-away order of protection in favor of the subject children and, following a dispositional hearing, issued an order incorporating the order of protection and further ordered that respondent remain under petitioner's supervision. Respondent appeals.
Respondent contends that Family Court's findings of neglect lack a sound and substantial basis, and the attorney for the son agrees as it concerns the finding of derivative neglect. As the party seeking to establish neglect, petitioner bore the burden of establishing "by a preponderance of the evidence that the child[ren]'s physical, mental or emotional condition was impaired or was imminently in danger of becoming impaired and that the actual or threatened harm to the child[ren] was a consequence of respondent's failure to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship" (Matter of Ellysha JJ. [Jorge JJ.], 173 AD3d 1287, 1287 [2019], lv denied 34 NY3d 901 [2019]; accord Matter of Josiah P. [Peggy P.], 197 AD3d 1365, 1366 [2021]). The inquiry is two-pronged, and requires "'actual or imminent danger, and failure to exercise a minimum degree of care'" (Matter of Aiden LL. [Tonia C.], 191 AD3d 1213, 1213 [2021], quoting Matter of Javan W. [Aba W.], 124 AD3d 1091, 1091 [2015], lv denied 26 NY3d 905 [2015]). The danger faced need not result in actual impairment, but the alleged impairment or injury must have been near or impending (see Family Ct Act § 1012 [f] [i]; Matter of Aiden LL. [Tonia C.], 191 AD3d at 1213; Matter of Aerobella T. [Bartolomeo V.], 170 AD3d 1453, 1453-1454 [2019]). "The parental behavior asserted as a basis for neglect is measured against the behavior of a reasonable and prudent parent faced with the same circumstances" (Matter of Boryana D. [Victoria D.], 157 AD3d 1011, 1012 [2018]; see Matter of Cheyenne Q. [Charles Q.], 196 AD3d 747, 748 [2021], lv denied 37 NY3d 915 [2021]; [*2]Matter of Cori XX. [Michael XX.], 145 AD3d 1207, 1208 [2016]).
The evidence at the fact-finding hearing revealed that two days after the daughter's birth, on the day that she was released from the hospital, petitioner's caseworker arrived at respondent's home alongside a deputy from the Saratoga County Sheriff's Office to discuss a report with Katy T. relaying that she and the daughter had tested positive for THC at the time of the daughter's birth.[FN3] Petitioner's caseworker and the deputy both testified that respondent was uncooperative and noncompliant throughout the visit. To that end, respondent was frequently coming in and out of the front door to the residence and yelling at Katy T., telling her to keep her mouth shut and to not cooperate with the caseworker. The deputy corroborated the caseworker's account, testifying that he provided frequent warnings to respondent that he would be arrested if he did not cease his behavior. According to the deputy, upon his arrival at respondent's residence, he detected the odor of marihuana emanating from inside the residence, but did not conclude that respondent was under the influence of marihuana during the visit.
Following the caseworker's conversations with Katy T. and the children's grandmother, who had arrived around the same time as the caseworker and deputy, Katy T. agreed to leave with the daughter and grandmother. The daughter was then placed in a car seat in the back seat of the grandmother's vehicle. As the vehicle began to pull away, respondent approached the vehicle, desiring to say goodbye to the daughter, and opened the rear passenger side door. The deputy testified that when respondent opened the door the vehicle was traveling two to four miles per hour. The caseworker corroborated the deputy's account, testifying that the vehicle was not traveling fast and "was just beginning to pull away from where it was parked." Both the grandmother and respondent disputed this account, insisting that the vehicle had stopped when respondent opened the door.
Respondent testified at the hearing that he had a prior history of opioid and heroin abuse that precipitated his participation in a substance abuse program, which he completed in November 2016. Respondent reiterated that he had not abused any controlled substances since his discharge from the program, although he acknowledged having used two previously prescribed Percocet pills in March 2020 to treat back pain, which was in a manner beyond the prescribed use. As to his marihuana use, respondent testified that, prior to obtaining a medical marihuana prescription in July 2020, he used marihuana "a couple of times a week" to help him sleep. Respondent also testified that he had used marihuana following his discharge from the substance abuse treatment program and that it had helped him combat his prior opioid addiction. Finally, Katy T. testified to a single domestic violence incident between herself and respondent in November 2019. [*3]Both Katy T. and respondent insisted that the parties had no other history of domestic violence.
Based on the foregoing evidence adduced at the fact-finding hearing, we find that the neglect determination is not supported by a sound and substantial basis in the record. Respondent's verbal hostility toward petitioner's caseworker and the deputy during the May 2020 visit is insufficient to demonstrate that the daughter's physical, mental or emotional condition was in imminent danger of being impaired (see Matter of Javan W. [Aba W.], 124 AD3d at 1092; Matter of Imani B., 27 AD3d 645, 646 [2006]; Matter of Anthony PP., 291 AD2d 687, 688 [2002]).[FN4] With respect to the single instance of domestic violence, although such conduct is abhorrent, the evidence does not support a finding of neglect (compare Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Anton AA. [Kira D.], 91 AD3d 1064, 1065-1066 [2012]; Matter of Stefanel Tyesha C., 157 AD2d 322, 329 [1990], appeal dismissed 76 NY2d 1006 [1990]).
Further, the evidence fails to demonstrate that respondent placed the child at risk of imminent harm when he opened the rear passenger door to the grandmother's vehicle (see Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]; Matter of Josiah P. [Peggy P.], 197 AD3d at 1366-1367). Crediting the testimony of the deputy and the caseworker, the vehicle was "just beginning to pull away" or, at worst, traveling no more than four miles per hour. Further crediting that testimony, respondent opened the rear door of the vehicle on the passenger side, and there is no definitive indication that the child was seated in a car seat on that side of the vehicle. To the contrary, the petition alleges that respondent opened the door on the opposite side of the vehicle from where the child was located. While such behavior is certainly unwise, it does not rise to the level of near or impending danger so as to constitute neglect (see Matter of Javan W. [Aba W.], 124 AD3d at 1092; compare Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278-1279 [2014]).
Finally, the evidence adduced at the fact-finding hearing failed to establish that respondent misused any controlled substance in a manner that could fairly support a finding of neglect. The testimony and documentary evidence put forth at the hearing failed to establish that respondent misused marihuana to such an extent as to establish a prima facie case of neglect (see Family Ct Act § 1046 [a] [iii]; Matter of Jillian B. [Brad D.], 133 AD3d 1131, 1132 [2015]; Matter of Amber DD., 26 AD3d 689, 690 [2006]).[FN5] Specifically, there was no evidence adduced at the hearing suggesting that the frequency of respondent's current marihuana use would produce "a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality" (Family Ct Act § 1046 [a] [iii]; see Matter [*4]of Bentley C. [Zachary D.], 165 AD3d 1629, 1630 [2018]; compare Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029 [2021], lv denied 37 NY3d 904 [2021]; Matter of Jillian B. [Brad D.], 133 AD3d at 1132). Moreover, the hearing evidence discloses that respondent's history of drug use beyond the aforementioned use of marihuana is too attenuated to establish any current threat of impairment to the daughter (see Matter of Josiah P. [Peggy P.], 197 AD3d at 1371; Matter of Brad I. [Brad J.], 117 AD3d 1242, 1244-1245 [2014]; Matter of Anastasia G., 52 AD3d 830, 832 [2008]). Lastly, the deputy testified that, while he detected the odor of marihuana emanating from respondent's residence during the May 2020 visit to the home, he did not conclude that respondent was under the influence of marihuana during the visit or that respondent had used marihuana in the presence of the child (see Matter of Lexie CC. [Liane CC.], 190 AD3d 1165, 1166-1167 [2021]; Matter of Delanie S. [Jeremy S.], 165 AD3d 1639, 1639 [2018]).
Given our determination that the neglect finding as it pertains to the daughter lacks a sound and substantial basis in the record, the derivative neglect finding as it pertains to the son must also be reversed (see Matter of Aiden J. [Armando K.], 197 AD3d 798, 799-800 [2021]). We need not address respondent's remaining contentions concerning the orders of protection, which have been modified while this appeal was pending, inasmuch as the orders must be dismissed upon dismissal of the petition (see Matter of Josiah P. [Peggy P.], 197 AD3d at 1371).
Lynch, J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: We note that Family Court assigned a single attorney for the child to represent the interests of both children. It is evident from the appeal, however, that the interests of the children significantly diverge (see Corigliano v Corigliano, 297 AD2d 328, 329 [2002]; Matter of Brooke D., 193 AD2d 1100, 1100 [1993], lv dismissed 82 NY2d 734 [1993]).
Footnote 2: A neglect proceeding was similarly commenced against Katy T.; however, that petition was resolved during the fact-finding hearing, at which time Katy T. consented to a finding of neglect, without an admission, solely pertaining to the daughter.

Footnote 3: The testimony reveals that the son was not present during any of the alleged conduct forming the basis of the allegations of neglect.

Footnote 4: The petition further alleged that respondent's conduct at this visit evidenced an untreated mental health condition. However, no testimony or evidence in support of this contention was presented at the fact-finding hearing.

Footnote 5: The Marihuana Regulation and Taxation Act (L 2021, ch 92) amended Family Ct Act § 1046 (a) (iii), in pertinent part, by specifically foreclosing a prima facie neglect finding based solely upon the use of marihuana, while still allowing for consideration of the use of marihuana to establish neglect, provided "that there is a separate finding that the child's physical[,] mental or emotional condition was impaired or is in imminent danger of becoming impaired." However, these changes were not in effect at the time of the fact-finding hearing and Family Court's resulting order.