■ In the Matter of Rebecca W. and Another, Children Alleged to be Permanently Neglected.—Order unanimously modified, on the law and facts and, as modified, affirmed, without costs, in accordance with the following memorandum: On our view of the record, we cannot agree that petitioner has established that Rebecca is a neglected child.

The Department of Social Services has the burden of proving the allegations of the petition by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]; *Matter of Hofbauer,* 47 NY2d 648). When the harm alleged is impairment or danger of impairment to the child's emotional or mental condition, the proof must show a causal connection between the child's impairment and the behavior of the parent. As one court has stated: "[B]ecause of the uncertainties surrounding the origins of mental or emotional impairment, the court must not hold a parent accountable on mere speculation. The causal relationship between the parent's action or inaction and the child's emotional impairment must be established" *(Matter of Keith R.,* 123 Misc 2d 617, 620). This critical link, the causal connection between the parental behavior alleged in the petition and the resultant harm to the child, was not proven in this case. The psychological reports received concerning Rebecca indicate a degree of emotional impairment, which can be attributed to her early environment. The improvement in her condition since entering the foster home is documented in the record through her testimony and that of her foster mother (Family Ct Act § 1046 [a] [viii]). However, there is no proof that the behavior attributed to respondent, as alleged in the petition, resulted in the emotional impairment.

We further observe that even if we were to accept the court's finding, despite respondent's denials, that marihuana is smoked in the home in Rebecca's presence, this does not entitle us to conclude that her witnessing adults occasionally smoking marihuana in her home during her visitation has resulted in her emotional impairment. There was no proof that respondent's drug use was of the magnitude described in Family Court Act § 1046 (a) (iii), which would permit a prima facie finding of neglect.

The allegation in the petition that the presence of respondent's father in the home is a negative influence on Rebecca is unsupported in the record. Indeed, the proof indicates that respondent's father lived in her home for only a few months in early 1983, at which time Rebecca was already in foster care, and there was no evidence that on her occasional home visits during this time that any problems arose concerning her grandfather.

The remaining allegations in the petition alleging neglect of Rebecca were unsupported by the proof at the hearing and, as a consequence, the petition should have been dismissed.

The court correctly dismissed the petition alleging that respondent's son, Richard, was a neglected child.

We wish to note our displeasure with the time taken to bring this appeal before the court. The neglect petition in this case was filed in April 1983, at which time Rebecca was 14 years old and Richard six. The hearing was held in August 1983 and the judgment appealed from was entered January 24, 1984. At this point in time, Rebecca is shortly going to be 18 years old and Richard will be 10 years old. The court is thus in the untenable position of having to decide a matter involving the possible neglect of children based upon facts which quite possibly have no relevance to the present circumstances of the parties. It is unacceptable that matters of such a sensitive nature as the care and safety of children should languish for such an extended period of time without compelling explanation. (Appeals from order of Seneca County Family Court, Finnerty, J.—neglect.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.