# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**932**

**CAF 10-00960, CAF 10-01045**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF DAMIAN G. AND MADISON G.
------------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JACQUELYN M. AND CHRISTOPHER G.,
RESPONDENTS-APPELLANTS.

---

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR
RESPONDENT-APPELLANT JACQUELYN M.

MARY R. HUMPHREY, NEW HARTFORD, FOR RESPONDENT-APPELLANT CHRISTOPHER
G.

JOHN A. HERBOWY, UTICA, FOR PETITIONER-RESPONDENT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILDREN, MANLIUS, FOR DAMIAN G. AND
MADISON G.

---

Appeals from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered April 12, 2010 in a proceeding pursuant to Family Court Act article 10. The order adjudicated the subject children to be neglected.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent parents appeal from an order adjudicating their two children to be neglected. Contrary to the contentions of the parents, Family Court's findings of neglect are supported by the requisite preponderance of the evidence (*see* § 1046 [b] [i]). With respect to the mother, petitioner presented evidence establishing that she neglected the children by, inter alia, attempting to drive a motor vehicle in an intoxicated condition with the children in the vehicle. Although the mother vigorously disputed that she was intoxicated, witnesses testified that, on the evening in question, she exuded a strong odor of alcohol and was acting in a belligerent and an irrational manner.

With respect to the father, the record supports the court's determination that he deliberately failed to take anti-seizure medication so that he could consume alcohol on the day in question, and that he is aware that he is likely to become violent when he has a

seizure.  The father did in fact suffer two seizures that day and, when the police responded to an emergency call on his behalf with respect to the first seizure, the father had the second seizure.  The father did in fact become violent, as he threatened the officers and repeatedly challenged them to a fight.  Although the children were not home at the time of the first seizure, they were approaching the home with their mother at the time of the second seizure, and had spent most of the evening with the father.  We therefore conclude that the father, by deliberately failing to take his anti-seizure medication, failed to "exercise a minimum degree of care" for his children and thereby placed them in imminent danger of becoming impaired, physically, mentally or emotionally (§ 1012 [f] [i]).  Although the father testified that he did in fact take his anti-seizure medication on the day in question, a caseworker for Child Protective Services testified that the father admitted to him that he did not do so, and the court's determination to credit the caseworker's testimony over the father's testimony is entitled to great deference (*see generally Matter of Irene O.*, 38 NY2d 776, 777).

All concur except SMITH, J.P., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent because I conclude that petitioner failed to establish that respondent parents neglected their children.  It is well settled that, in order to establish neglect, petitioner "must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368).

"The first statutory element requires proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . This prerequisite to a finding of neglect ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior.  'Imminent danger' reflects the Legislature's judgment that a finding of neglect may be appropriate even when a child has not actually been harmed; 'imminent danger of impairment to a child is an independent and separate ground on which a neglect finding may be based' . . . Imminent danger, however, must be near or impending, not merely possible" (*id*. at 369). Here, there was no allegation of actual harm, and I cannot conclude that petitioner established that either parent placed the children in imminent danger of physical, emotional or mental impairment.

With respect to the father, the majority concludes that "the record supports the court's determination that he deliberately failed to take anti-seizure medication so that he could consume alcohol on the day in question, and that he is aware that he is likely to become violent when he has a seizure."  I agree that there is evidence in the record that supports the majority's conclusion, and it is well settled that Family Court's credibility determinations are entitled to great

deference (*see generally Eschbach v Eschbach*, 56 NY2d 167, 173).  Even according the court's credibility determinations their requisite due deference, however, I conclude that the finding of neglect with respect to the father is not supported by the record.  At most, the facts establish that the father knew that there was some unspecified possibility that he might have a seizure, that he could become violent if he did so, and that the children might be harmed if they were present.  I thus conclude that the risk that was created by the father in failing to take his medication and in consuming alcohol was not sufficiently "near or impending" to support a finding of neglect (*Nicholson*, 3 NY3d at 369; *see Matter of William EE*., 157 AD2d 974, 976).

Similarly, with respect to the mother, the court's finding of neglect is not supported by sufficient evidence establishing that her actions placed the children in imminent risk of danger.  The majority concludes that a preponderance of the evidence in the record establishes that the mother placed the children at risk by "attempting to drive a motor vehicle in an intoxicated condition with the children in the vehicle . . . [and that her state of intoxication was established by evidence that] she exuded a strong odor of alcohol and was acting in a belligerent and an irrational manner."  I conclude that there is no such preponderance of the evidence in the record.  As the majority correctly acknowledges, the mother strongly disputed that she was intoxicated.  Although as noted the court's credibility determinations are entitled to great deference (*see generally Eschbach*, 56 NY2d at 173), the determination that the mother was intoxicated is not supported by a preponderance of the evidence in this case.  Assuming that the court properly credited the testimony of New York State Troopers who testified that the mother exuded an odor of alcohol, I nevertheless conclude that there was insufficient evidence that she was intoxicated, or that her actions placed the children in imminent risk of danger.  The witnesses all testified that she never stumbled, swayed or slurred her speech.  The Troopers who were present did not observe that the mother had glassy eyes, and indeed one Trooper indicated that the only signs of intoxication that he observed were that the mother smelled of alcohol and was belligerent.  She was able to answer questions and to communicate with the Troopers.  Although she was belligerent, I cannot conclude that such belligerence was a symptom of intoxication rather than a symptom of the mother's mental health difficulties, the presence of which the court had previously noted.  Perhaps most importantly for the purposes of this neglect proceeding, however, even the Troopers testified that the children were not in the vehicle or even in the vicinity while these events involving belligerence took place, thus establishing that there was no imminent danger of harm to them at that time.  In addition, the first Trooper on the scene testified that the mother and children were not present when he arrived in response to a 911 call regarding the father, thereby establishing that the mother in fact had removed the children from the father's presence prior to the arrival of the Troopers.  Consequently, the court's determination that the mother "failed to remove the children from the environment when [the father] displayed dramatic mood swings" is not supported by a preponderance of the evidence.

The court's further conclusions are completely unsupported by the record, or do not establish neglect on the part of the mother. Prior to finding that the mother failed to remove the children from the environment, the court found that the mother "failed to monitor [the father's] medications and activities." There is no evidence that the mother was aware that the father had ceased taking his anti-seizure medication, and thus the record does not support the court's finding with respect to the medication. In addition, the record does not support the court's further finding that the mother "was intoxicated in the presence of the children and insisted on driving with the children in the vehicle while intoxicated." As discussed above, the finding of intoxication is not supported by the evidence, and all the evidence further establishes that the children were not present when the mother indicated that she was going to drive to the hospital. To the contrary, the evidence establishes that the children were being cared for by a neighbor at that time. Therefore, "[t]he record contains no affirmative proof to support a finding of neglect against the [mother] and thus, a fortiori, such a finding is not supported by a preponderance of the evidence" (*Matter of Kenneth V.* [appeal No. 2], 307 AD2d 767, 769; *see Matter of Rebecca W.*, 122 AD2d 582).

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court