Matter of Bentley C. (Zachary D.) (2018 NY Slip Op 06667)





Matter of Bentley C. (Zachary D.)


2018 NY Slip Op 06667


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1034 CAF 17-00049

[*1]IN THE MATTER OF BENTLEY C. YATES COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ZACHARY D., RESPONDENT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.
JESSICA L. BRYANT, PENN YAN, FOR PETITIONER-RESPONDENT.
SUSAN ELIZABETH GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered November 10, 2016 in a proceeding pursuant to Family Court Act article 10. The order directed respondent to comply with the terms and conditions specified in the order of protection. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the amended petition is dismissed.
Memorandum: Respondent father appeals from an order of disposition, which brings up for review the order of fact-finding wherein Family Court found that he neglected the subject child (see Matter of Anthony L. [Lisa P.], 144 AD3d 1690, 1691 [4th Dept 2016], lv denied 28 NY3d 914 [2017]). We agree with the father that the court's finding of neglect is not supported by the requisite preponderance of the evidence (see generally Family Ct Act § 1046 [b] [i]). "[P]roof that a person repeatedly misuses . . . drugs . . . to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug . . . misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program"
(§ 1046 [a] [iii]; see Matter of Kenneth C. [Terri C.], 145 AD3d 1612, 1613 [4th Dept 2016], lv denied 29 NY3d 905 [2017]). Here, petitioner submitted evidence that the father tested positive for THC, oxycodone, and opioids on one occasion, which is insufficient to establish that the father repeatedly misused drugs (see Matter of Anna F., 56 AD3d 1197, 1198 [4th Dept 2008]; cf. Matter of Darrell W. [Tenika C.], 110 AD3d 1088, 1089 [2d Dept 2013], lv denied 23 NY3d 904 [2014]). The father's admission to using marihuana was also insufficient to meet petitioner's burden without further evidence as to the "duration, frequency, or repetitiveness of his drug use, or whether [the father] was ever under the influence of drugs while in the presence of the subject child" (Matter of Anastasia G., 52 AD3d 830, 832 [2d Dept 2008]; see Matter of Rebecca W., 122 AD2d 582, 583 [4th Dept 1986]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court