■ In the Matter of MILAGROS A.W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOHN R., Appellant, et al., Respondent. [9 NYS3d 676]—

Appeals from (1) an order of fact-finding of the Family Court, Queens County (John M. Hunt, J.), dated February 25, 2014, and (2) an order of disposition of that court dated April 9, 2014. The order of fact-finding, after a hearing, found that the father neglected the subject child. The order of disposition, after a hearing, inter alia, placed the child in the custody of the Commissioner of Social Services of the City of New York.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on appeal from the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the order of fact-finding is modified accordingly.

On March 26, 2013, on a sidewalk in Queens, the father had a dispute with the subject child's now-deceased mother over the care and well-being of the subject child, who was then three weeks old (hereinafter the baby). The father took the baby from the mother and walked away with the baby and an empty baby bottle. The baby was dressed in a "one-piece" and wrapped in a winter blanket. With the baby in his arms, the father took a van and subway to a workplace in Jackson Heights, and then began a commute via public transportation to his home in Staten Island where he had food, diapers, and other items for the baby. En route to his home, the father, traveling with the baby on a public bus, was stopped by police just four miles

from his home. The mother had called 911 and reported that the father had taken the baby. The baby was uninjured.

A neglect petition was filed against the father alleging, among other things, that the father grabbed the baby out of her stroller following an argument with the mother, and then "absconded" with the baby. Following a fact-finding hearing, the Family Court found that the father neglected the baby. A dispositional hearing was subsequently held, and a dispositional order issued. The father appeals, and we reverse.

The Family Court's finding of neglect is not supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). A parent neglects a child where he or she fails "to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" that results in impairment or "imminent danger" of impairment to the child's "physical, mental or emotional condition" (Family Ct Act § 1012 [f] [i] [B]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Actual or imminent danger of impairment is necessary to prevent state intrusion absent "serious harm or potential harm to the child, not just . . . what might be deemed undesirable parental behavior" (Nicholson v Scoppetta, 3 NY3d at 369; see Matter of Javan W. [Aba W.], 124 AD3d 1091, 1091 [2015]). Here, the evidence established that the baby was in a "one-piece," wrapped in a winter blanket, and held in the father's arms for the duration of the three-hour commute (cf. Matter of Alaysha E. [John R.E.], 94 AD3d 988, 989 [2012]; Matter of Jessica DiB., 6 AD3d 533, 534 [2004]). Although the father did not take any formula for the baby, the father testified that the baby had just eaten before he had taken her and that he had food for her at his home in Staten Island. He also met the baby's needs when she became hungry en route by accepting formula given to him while at the ferry terminal and feeding it to her. Although the father did not change the baby's single soiled diaper with a clean diaper he also obtained at the ferry terminal, he testified that he did not do so because he believed it was inappropriate to change her in public and had intended to do so when he arrived home. Under these circumstances, the father's taking of the child and ensuing travels, although impulsive and misguided, do not "depict lack of attention to the special needs of a newborn" (Matter of Samuel D.-C., 40 AD3d 853, 854 [2007]), or fall below the statutory minimum degree of care (see Nicholson v Scoppetta, 3 NY3d at 370; Matter of Kiana M.-M. [Robert M.], 123 AD3d 720, 720 [2014]).

Furthermore, the verbal dispute between the father and the mother on the sidewalk immediately preceding the father tak-

ing the baby, absent evidence of actual or threatened impairment to the baby, is also insufficient to establish neglect (*see Nicholson v Scoppetta*, 3 NY3d at 375; *Matter of Harper F.-L. [Gary L.]*, 125 AD3d 652, 653 [2015]; *Matter of Imani B.*, 27 AD3d 645, 646 [2006]; *see also Matter of Andy Z. [Hong Lai Z.]*, 105 AD3d 511, 512 [2013]).

Thus, we reverse the order of disposition, deny the petition, dismiss the proceeding, and modify the order of fact-finding accordingly. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.