■ In the Matter of I.A., SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEVONA H., Appellant. (Proceeding No. 1.) In the Matter of I.A. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WALTER A., Appellant. (Proceeding No. 2.) [18 NYS3d 395]—

Appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Richard Hoffman, J.), dated May 20, 2014. The order, after a hearing, found that the mother and father neglected the subject child and released the child to the custody of the mother and father with supervision by the Suffolk County Department of Social Services.

Ordered that the order of fact-finding and disposition is reversed, on the facts, without costs or disbursements, the petitions are denied, and the proceedings are dismissed.

Devona H. (hereinafter the mother) and Walter A. (hereinafter the father) lived with their child in a shelter that housed six to eight other families. The Suffolk County Department of Social Services (hereinafter DSS) filed child neglect petitions pursuant to article 10 of the Family Court Act, alleging that the mother and father neglected the subject child. Specifically,

the petitions alleged, inter alia, that the mother and father neglected the subject child by leaving him in the living room of the shelter while they were in other areas of the shelter, failing to properly maintain the subject child's crib, missing various appointments for voluntary services offered to the parents, and failing to comply with certain rules of the shelter. After a hearing, the Family Court found that DSS established all of the allegations contained in the petitions and determined that the mother and father had neglected the subject child. The mother and father separately appeal. We reverse.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]). A parent neglects a child where he or she "fail[s] . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" that results in impairment or "imminent danger" of impairment to the child's "physical, mental or emotional condition" (Family Ct Act § 1012 [f] [i] [B]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Milagros A.W. [John R.]*, 128 AD3d 1079, 1080 [2015]). Actual or imminent danger of impairment is a "prerequisite to a finding of neglect [which] ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d at 369; *see Matter of Javan W. [Aba W.]*, 124 AD3d 1091, 1091 [2015]). "Imminent danger . . . must be near or impending, not merely possible" (*Nicholson v Scoppetta*, 3 NY3d at 369).

Here, the Family Court's finding of neglect is not supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). DSS failed to sustain its burden of demonstrating that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the alleged instances of neglect contained in the petition (*see Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640-641 [2012]). Although DSS presented evidence indicating that the subject child had been left in the living room of the shelter while the mother and father were in different areas of the shelter, DSS failed to demonstrate that the child was left alone for any more than a brief period of time (*cf. Matter of Malachi H. [Dequisa H.]*, 125 AD3d 478 [2015]), or that the child was otherwise left alone under circumstances that posed an "imminent danger" to his physical, mental, or emotional well-being (Family Ct Act § 1012 [f]

[i] [B]; *cf. Matter of Kayden H. [Kareena H.]*, 104 AD3d 764, 765 [2013]; *Matter of Samuel D.-C.*, 40 AD3d 853, 854 [2007]; *Matter of Debraun M.*, 34 AD3d 587 [2006]). Accordingly, the Family Court should have denied the petition and dismissed the proceeding.

In light of the foregoing, we need not address the mother's remaining contentions. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.