■ In the Matter of N'ZION H. WESTCHESTER COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; SHEEKA H., Appellant. [38 NYS3d 243]—

Appeal by the mother from an order of fact-finding of the Family Court, Westchester County (Janet C. Malone, J.), entered August 20, 2014. The order, after a fact-finding hearing, found that the mother neglected the subject child.

Ordered that the order of fact-finding is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The Westchester County Department of Social Services (hereinafter DSS) filed a child neglect petition after the mother was hospitalized for allegedly taking a quantity of baby aspirin. It is undisputed that the mother made arrangements for the care of the subject child during the period that she was hospitalized. After a fact-finding hearing, the Family Court found that the mother had neglected the child.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject

child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]). A parent neglects a child where he or she "fail[s] . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" that results in impairment or "imminent danger" of impairment to the child's "physical, mental or emotional condition" (Family Ct Act § 1012 [f] [i] [B]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Milagros A.W. [John R.]*, 128 AD3d 1079, 1080 [2015]). Actual or imminent danger of impairment is a "prerequisite to a finding of neglect [which] ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d at 369; *see Matter of Javan W. [Aba W.]*, 124 AD3d 1091, 1091 [2015]). "Imminent danger . . . must be near or impending, not merely possible" (*Nicholson v Scoppetta*, 3 NY3d at 369).

Here, the Family Court's finding of neglect is not supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). DSS failed to demonstrate, by a preponderance of the evidence, that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired due to the mother's act of taking baby aspirin or the mother's subsequent hospitalization (*see Matter of I.A. [Devona H.]*, 132 AD3d 757, 758 [2015]; *Matter of Milagros A.W. [John R.]*, 128 AD3d at 1080; *Matter of Harper F.-L. [Gary L.]*, 125 AD3d 652, 653-654 [2015]; *Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012]; *Matter of Jayvien E. [Marisol T.]*, 70 AD3d 430, 436 [2010]; *Matter of Tomieke Y.*, 32 AD3d 1041, 1042 [2006]). Accordingly, the Family Court should have denied the petition and dismissed the proceeding.

In light of the foregoing, we need not address the parties' remaining contentions. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.