Matter of Zahir W. (Ebony W.) (2019 NY Slip Op 01216)





Matter of Zahir W. (Ebony W.)


2019 NY Slip Op 01216


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05204
 (Docket Nos. N-20330-16, N-20329-16)

[*1]In the Matter of Zahir W. (Anonymous). Administration for Children's Services, petitioner-respondent; Ebony W. (Anonymous), respondent-appellant. (Proceeding No. 1)
In the Matter of Julius C. (Anonymous). Administration for Children's Services, petitioner-respondent; Ebony W. (Anonymous), respondent-appellant. (Proceeding No. 2)


Ann Marquez, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Jason Anton of counsel), for respondent.
Paul B. Guttenberg, Syosset, NY, attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated February 20, 2018. The order, after a hearing, found that the mother neglected the subject children.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petitions are denied, and the proceedings are dismissed.
Ebony W. is the mother of Zahir W. and Julius C. (hereinafter together the children). In June 2016, the mother and her aunt agreed that the children would stay with the aunt until the end of the summer. Before school started, the aunt agreed to keep the children for another month subject to certain conditions. The mother did not pick up the children at the beginning of October as agreed. On October 18, 2016, the Administration for Children's Services (hereinafter ACS) commenced these proceedings against the mother, alleging that she neglected the children by failing to provide them with proper supervision and guardianship. Following a fact-finding hearing, the Family Court issued an order of fact-finding dated February 20, 2018, finding that the mother neglected the children. The mother appeals from the order of fact-finding, and we reverse.
A parent neglects a child where he or she fails to "exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" that results in impairment or "imminent danger" of impairment to the child's "physical, mental or emotional condition" (Family [*2]Ct Act § 1012[f][i][B]; see Nicholson v Scoppetta, 3 NY3d 357, 369; Matter of Milagros A.W. [John R.], 128 AD3d 1079, 1080). Actual or imminent danger of impairment is a "prerequisite to a finding of neglect [which] ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (Nicholson v Scoppetta, 3 NY3d at 369; see Matter of Milagros A.W. [John R.], 128 AD3d at 1080; Matter of Javan W. [Aba W.], 124 AD3d 1091, 1091). In order for danger to be "imminent," it must be "near or impending, not merely possible" (Nicholson v Scoppetta, 3 NY3d at 369).
Here, the Family Court's finding of neglect is not supported by a preponderance of the evidence (see Family Ct Act § 1046[b][I]; see Matter of I.A. [Devona H.], 132 AD3d 757, 758; Matter of Javan W. [Aba W.], 124 AD3d at 1091; Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640-641). Although the mother failed to pick up the children from the aunt in the beginning of October 2016, as agreed, there was no evidence that the children were not being well-cared for by the aunt (see Matter of Joseph A. [Fausat O.], 91 AD3d at 640-641). Since ACS failed to establish that the children's physical, mental, or emotional condition was impaired or was in imminent danger of becoming impaired as a result of the mother's actions, it failed to establish that the mother neglected the children (see Matter of I.A. [Devona H.], 132 AD3d at 758; Matter of Joseph A. [Fausat O.], 91 AD3d at 640-641; Matter of Justelle R. [Justino R.], 60 Misc 3d 1211[A], 2018 NY Slip Op 51074[U] [Fam Ct, Kings County]).
In light of our determination, we need not address the mother's remaining contention.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court