Matter of Tiffany N. (Trena G.) (2025 NY Slip Op 03068)

Matter of Tiffany N. (Trena G.)

2025 NY Slip Op 03068

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-05709
 (Docket No. N-3439-23)

[*1]In the Matter of Tiffany N. (Anonymous). Administration for Children's Services, appellant; Trena G. (Anonymous), respondent.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Susan Paulson and Deborah A. Brenner of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Polixene Petrakopoulos, and Jaclyn Goodman of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of fact-finding of the Family Court, Kings County (Melody Glover, J.), dated July 3, 2024. The order of fact-finding, after a hearing, dismissed the petition.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
After removing the subject child from the mother on an emergency basis pursuant to Family Court Act § 1024, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10. ACS alleged that the mother neglected the child by failing to provide adequate guardianship and supervision. ACS alleged, inter alia, that the mother had been diagnosed with a mild intellectual disability, was aggressive, and failed to participate in certain programs without which she was unable to independently care for the child. In an order of fact-finding dated July 3, 2024, the Family Court, after a fact-finding hearing, found that the petitioner failed to establish, by a preponderance of the evidence, sufficient facts to sustain the allegations in the petition and dismissed the petition with prejudice. ACS appeals.
"At a fact-finding hearing in a proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the child has been abused or neglected" (Matter of Ester K. [Marina U.], 233 AD3d 868, 869; see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Nash D. [Daniel D.], 224 AD3d 749, 750). "A parent neglects a child when he or she fails to 'exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship' that results in impairment or 'imminent danger' of impairment to the child's 'physical, mental or emotional condition'" (Matter of Zahir W. [Ebony W.], 169 AD3d 909, 909, quoting Family Ct Act § 1012[f][i][B]). "Actual or imminent danger of impairment is a 'prerequisite to a finding of neglect [which] ensures that the Family Court, [*2]in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior'" (id. at 909-910, quoting Nicholson v Scoppetta, 3 NY3d 357, 369; see Matter of Milagros A.W. [John R.], 128 AD3d 1079, 1080). "In order for danger to be 'imminent,' it must be 'near or impending, not merely possible'" (Matter of Zahir W. [Ebony W.], 169 AD3d at 910, quoting Nicholson v Scoppetta, 3 NY3d at 369).
The Family Court correctly found that ACS did not prove by a preponderance of the evidence that the mother neglected the child. Evidence of a parent's mental illness or intellectual disabilities, alone, will not support a finding of neglect. However, said disabilities may properly form the basis of such a finding when the evidence establishes a causal connection between the parent's condition and actual or potential harm to the child (see Matter of Baylee F. [Jeanette E.], 231 AD3d 1318, 1319; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1046; Matter of Bella S. [Sarah S.], 158 AD3d 703, 704). Here, ACS failed to establish a causal connection between the mother's intellectual disability and actual or imminent harm to the child (see Matter of Bella S. [Sarah S.], 158 AD3d at 705). Similarly, while the mother's outbursts at foster care agency staff, in the presence of the child, were inappropriate, ACS failed to establish a nexus between the outbursts and actual or imminent harm to the child (see generally Matter of Divine K.M. [Andre G.], 211 AD3d 733, 736; Matter of Malachi M. [Mark M.], 164 AD3d 794, 796; Matter of Milagros A.W. [John R.], 128 AD3d at 1080-1081). The evidence adduced at the fact-finding hearing established that the mother interacted with the child appropriately in the hospital following her birth and, during supervised visitation, properly fed and diapered the child, expressed affection toward her, and comforted her when she cried or was fussy.
Additionally, despite ACS's allegations to the contrary, the evidence reflected that the mother utilized supportive services, including one-on-one parenting coaching, dyadic therapy with the child, and individual therapy to address her anger issues. ACS did not present any evidence that these services were inadequate (see Matter of Bella S. [Sarah S.], 158 AD3d at 705). The evidence likewise established, contrary to ACS's contentions, that the mother had adequate provisions for the child.
Finally, ACS's contention that the Family Court erred in excluding portions of a report documenting a psychiatric consultation performed on the mother is without merit. The evidence established that the report was written subsequent to the mother's discharge from the hospital and that the hearsay statements contained therein did not relate to the diagnosis and treatment of the mother. Accordingly, as the report did not relate to the mother's diagnosis, prognosis, or treatment, it did not fall within the business records exception to the hearsay rule (see Family Ct Act § 1046[a][iv]; People v Ortega, 15 NY3d 610, 617; Grechko v Maimonides Med. Ctr., 188 AD3d 832, 833-834).
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court